# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSETTE JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 10030 |
| v. ) | |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting ) | Maria Valdez |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Josette Jackson's ("Plaintiff") claims for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment is denied and the Commissioner's cross-motion for summary judgment [Doc. No. 16] is granted.

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I.  Procedural History

Plaintiff filed her applications for DIB and SSI in January 2013, alleging disability beginning in December 2011, due to high cholesterol, diabetes, chronic obstructive pulmonary disease ("COPD"), and high blood pressure. (R. 196–199, 224.) Her application was denied initially and again upon reconsideration. (R. 63–104.) Plaintiff appeared for a hearing before an Administrative Law Judge ("ALJ") on February 17, 2015. (R. 9–62.) She was represented by counsel. (*Id.*) A vocational expert, Lisa Gagliano, was also present at the hearing and testified. (*Id.*) On May 27, 2015, the ALJ issued an unfavorable decision finding Plaintiff was not disabled. (R. 105–27.) The Appeals Council ("AC") denied review on September 3, 2016, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–6.)

### II.  ALJ Decision

On March 11, 2016, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled. (R. 105–27.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 1, 2011, her alleged onset date and met the insured status requirements of the Act through December 31, 2016. (R. 110.) At step two, the ALJ found that Plaintiff suffered from severe impairments of sleep apnea, obesity, and essential

hypertension. (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meet or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (R. 112.)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at a light exertional level, subject to several limitations.[2] At step four, the ALJ concluded that Plaintiff was capable of performing her past relevant work as an accounting clerk. (R. 120.) Because of this determination, the ALJ found that Plaintiff is not disabled under the Act. (R. 121.)

## DISCUSSION

### III. ALJ Standard

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently

---

[2] At this stage, the ALJ determined Plaintiff:
> is unable to work at heights, climb ladders, or frequently negotiate stairs; may only occasionally crouch, kneel or crawl, should avoid concentrated exposure to fumes, dust, odors, gases, or poorly ventilated areas; and should avoid the operation of moving or dangerous machinery.

(R. 113.)

3

unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## IV. Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its

4

judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors

his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

V.     **Analysis**

Plaintiff argues that the ALJ's decision should be remanded because: (1) he improperly evaluated her subjective symptom allegations and (2) failed to obtain an updated medical opinion regarding her sleep apnea.

**A. Credibility**

Plaintiff argues that the ALJ improperly assessed her subjective symptom statements and credibility.[3] An ALJ's credibility determination is granted substantial deference by a reviewing court unless it is "patently wrong" and not supported by the record. *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2007); *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *see also Elder*, 529 F.3d at 413 (holding that in assessing the credibility finding, courts do not review the medical evidence de novo but "merely examine whether the ALJ's determination was reasoned and supported"). An ALJ must give specific reasons for discrediting a claimant's testimony, and "[t]hose reasons must be supported by record evidence

---

[3] In 2016, the Commissioner rescinded SSR 96-7p and issued SSR 16-3p, eliminating the use of the term "credibility" from the symptom evaluation process, but clarifying that the factors to be weighed in that process remain the same. *See* SSR 16-3p, 2016 WL 1119029, at *1, *7 (March 16, 2016). The ruling makes clear that ALJs "aren't in the business of impeaching claimants' character," but does not alter their duty to "assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original). However, the SSA recently clarified that SSR 16-3p only applies when ALJs "make determinations on or after March 28, 2016," and that SSR 96-7p governs cases decided before the aforementioned date. *See* Notice of Social Security Ruling, 82 Fed. Reg. 49462 n.27 (Oct. 25, 2017). The ALJ issued his opinion on March 25, 2014. (R. 57.) Therefore, the ALJ properly applied SSR 96-7p. Nonetheless, SSR 16-3p will apply on remand. *See* Notice of Social Security Ruling, 82 Fed. Reg. 49462 n.27 (Oct. 25, 2017).

and must be 'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.' " *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539–40 (7th Cir. 2003) (quoting *Zurawski*, 245 F.3d at 887–88); see SSR 96-7p, 1996 WL 374186, at *4 (S.S.A. 1996).

The lack of objective evidence is not by itself reason to find a claimant's testimony to be incredible. *See Schmidt v. Barnhart*, 395 F.3d 737, 746–47 (7th Cir. 2005). When evaluating a claimant's credibility, the ALJ must also consider "(1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions." *Scheck*, 357 F.3d at 703; *see also* SSR 96-7p at *3. An ALJ's "failure to adequately explain his or her credibility finding . . . is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015).

Here, the ALJ discounted Plaintiff's testimony because he found it was not supported by Plaintiff's objective medical evidence, activities of daily living, and non-compliance with her medication. (R. 116–20.)

Plaintiff does not challenge the ALJ's finding with respect to the objective medical evidence; instead she contends that "nothing" about her activities of daily living support the proposition that she can work eight hours a day, five days a week. In his decision, the ALJ found that Plaintiff's "described daily activities [were] not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (R. 115.) To start, the ALJ pointed out that Plaintiff was able to

7

take public transportation and that she had walked 0.7 miles to the hearing office. (*Id*.) Next, he pointed out that she was able to assist her husband with household chores including laundry, ironing, cleaning, and going on monthly grocery trips. (*Id*.) Thereafter, the ALJ highlighted Plaintiff's ability to travel, including the fact she had recently sat in the car for a 500 mile drive to Omaha, and that she testified that she had gone on a cruise "a few years" prior. (*Id*.) The ALJ found this testimony contradictory to Plaintiff's claims that she has to elevate her legs frequently and that she takes three to four hour naps each day. (*Id*.) Finally the ALJ noted that Plaintiff enjoys working in her yard when the weather permits, spends times with friends and family, watches television, goes to church, and has no problem generally getting along with others. (*Id*.) In sum, the ALJ found that this evidence did not support Plaintiff's allegations of disabling symptoms and limitations. (*Id*.)

Plaintiff takes specific issue with the way the ALJ evaluated her ability to travel. In particular, Plaintiff claims that the ALJ failed to clarify her activeness during her trip to Omaha, specifically how she positioned her legs and whether she napped. Moreover, Plaintiff contends the ALJ failed to specifically inquire into the dates that she went on the cruise, suggesting that it could have occurred before her alleged onset date. Relatedly, Plaintiff claims that the ALJ failed to inquire into what activities she participated in on the ship. In sum, Plaintiff argues, these errors should result in remand because they erode the ALJ's evidential basis for his credibility finding.

8

Even if the Court were to accept Plaintiff's argument that the ALJ erred when assessing her credibility based on her travel activities, the ALJ's determination would still be supported by substantial evidence. *Elder*, 529 F.3d at 413 (holding that in assessing the credibility finding, courts "merely examine whether the ALJ's determination was reasoned and supported"). Plaintiff's argument ignores the fact that the ALJ's decision was supported by a variety of other observations, not just her ability to travel. These observations included not only a lack of objective medical evidence, but also Plaintiff's ability to assist around the house, take public transport, visit with friends, and go outside. When it comes to determining disability, the Court will overturn the ALJ's decision only when it is patently wrong. *Schmidt*, 496 F.3d at 843. Here, it is clear that the ALJ's decision is supported by substantial reasoning beyond Plaintiff's ability to travel.

Furthermore, the ALJ did not equate Plaintiff's ability to engage in activities of daily living alone to the ability to sustain full-time work as Plaintiff suggests. *See Hill v. Colvin*, 807 F.3d 862, 869 (7th Cir. 2015) ("[W]e have repeatedly warned against equating the activities of daily living with those of a full-time job.") (citing *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)). Rather, the ALJ proceeded to consider Plaintiff's activities of daily living in tandem with the lack of objective medical evidence, her failure to comply with her treatment, and the remainder of the record before concluding that she Plaintiff was not disabled under the Act. Thus, the Court finds no reason to disturb the ALJ's finding.

**B. Medical Evidence**

Next, Plaintiff argues that the ALJ failed to evaluate the effects of her sleep apnea when formulating his RFC when he ignored her : (1) testimony and (2) sleep study evidence.

First Plaintiff argues the ALJ failed to explain why he rejected her testimony about daytime sleepiness. While this appears to be a partial rehash of Plaintiff's credibility argument, the Court will address Plaintiff's concerns to the extent they impact her RFC. Here, Plaintiff claims a reviewer is unable to discern why the ALJ thought that her combination of sleep apnea and other impairments did not limit her to unskilled work or precluded employment altogether.

Contrary to Plaintiff's argument, it is clear that the ALJ considered Plaintiff's sleep apnea when formulation her RFC, citing to several places in the record documenting her sleep apnea, as well as her use of a CPAP machine. (R. 117.) At other places in his decision, he noted that Plaintiff's COPD was stable and her lungs were clear. (*Id*.) Ultimately the ALJ concluded that Plaintiff's history of COPD and diagnosis of obstructive sleep apnea warranted a RFC restriction which required her to avoid exposure to fumes, dust, odors, gases, or poorly ventilated areas. (R. 120.) For her alleged fatigue, the ALJ stated she would be restricted from operating any moving or dangerous machinery. (*Id*.) Based on the ALJ's explanation, and his ultimate RFC determination, the Court finds that the ALJ adequately accounted for all of Plaintiff's limitations when formulating her RFC.

Second, Plaintiff claims the ALJ should have ordered an updated medical opinion based on evidence from two sleep studies which occurred after her administrative hearing. (R. 283–85.) By not doing so, Plaintiff claims the ALJ "played doctor" when evaluating her functional limitations. Plaintiff primarily relies on SSR 96-6p under which an ALJ must obtain an updated medical opinion from a medical expert if the ALJ receives additional medical evidence that, in his opinion, "may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." 1996 WL 374180, at *4.

Here, after review of the two sleep studies, dated November 2013 and January 2014, the ALJ "gave no indication that []he found them inconsistent with an RFC for limited light work." *Trammell v. Colvin*, 12 C 6780, 2014 WL 1227565, at *6. Rather, the ALJ acknowledged that the studies revealed sleep efficiency, frequent arousals, a reduction of slow wave sleep, and impressions of obstructive sleep apnea. (R. 117.) Then, the ALJ specifically cited to SSR 96-6p and explained that, in his opinion, the two sleep studies would not change the findings of the state agency consultants. Thereafter, he adopted the consultants' findings. (R. 120.) Thus, there can be no doubt that the ALJ followed the contours of SSR 96-6p or that the sleep study results would have changed his opinion. Accordingly, the Court finds the ALJ was not required to order an updated medical expert opinion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is denied and the Commissioner's cross-motion for summary judgment [Doc. No. 16] is granted. Affirmed.

**SO ORDERED.**  **ENTERED:**

**DATE:     June 6, 2018**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**